NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DREW EDEN,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>FRANK BISIGNANO, Commissioner of<br>Social Security,<br><br>　　　　Defendant - Appellee. | No. 24-5963<br><br>D.C. No.<br>3:24-cv-00111-LB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted October 8, 2025[**]
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Drew Eden appeals from a district court decision affirming the Commissioner

of Social Security's denial of his application for Social Security disability benefits.

"We 'review the district court's order affirming the ALJ's denial of social security

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence.'" *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The ALJ gave "clear and convincing reasons" for discounting Eden's testimony about the severity of his symptoms. *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008)). The ALJ noted that, in contrast to Eden's testimony that he cannot work because of a "bullet lodged in his vertebrae," Eden's physical examinations were "unremarkable," hospital records "show that the bullet lodged in soft tissue without entering or striking anything critical to him," and Eden was able to return to work within three months of the injury. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Id.* at 498 (emphasis omitted).

Further, substantial evidence supports the ALJ's finding that Eden's resistance to medical treatment was not reflective of the severity of his depressive, anxiety, or PTSD symptoms. Eden actively sought and received consistent substance abuse treatment, attended his psychological evaluations, and interacted appropriately with his clinicians. In evaluating Eden's testimony, the ALJ was also

entitled to consider "inconsistencies . . . in the claimant's testimony," which included his misrepresentations to providers regarding his drug use. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Substantial evidence likewise supports the ALJ's determination that Eden's claimed difficulties communicating with others were not supported by the record and that his testimony was otherwise inconsistent with the objective medical evidence, including tests performed by Drs. Wiebe and Catlin.

Although Eden faults the ALJ for failing to discuss additional aspects of his testimony, an ALJ must only provide enough "reasoning in order for us to meaningfully determine whether [her] conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). The ALJ did so here. Nor did the ALJ reject Eden's testimony based on vague or boilerplate explanations.

2. Substantial evidence supports the ALJ's decision to assign little weight to the psychological evaluation opinions of Dr. Wiebe and Dr. Catlin. Under the 2017 regulations that govern Eden's claim, the ALJ was required to evaluate the medical opinion evidence under 20 C.F.R. § 404.1520c. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). Under these rules, "'[t]he most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" *Id*. at 791 (quoting 20 C.F.R. § 404.1520c(a)).

But "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

The ALJ permissibly concluded that Dr. Wiebe's findings were unsupported by her testing and inconsistent with the record as a whole. Eden's psychological test results did not suggest significant limitations that would prevent Eden from performing any work, and the ALJ could thus conclude that Dr. Wiebe's conclusions were inconsistent with this medical evidence. Dr. Wiebe's finding of a severe impairment related to Eden's memory was also contradicted by Dr. Catlin's evaluation that "[t]here was no evidence of [Eden's] significant cognitive problems." And Dr. Wiebe's reliance on Eden's subjective reports was also "compromised" by Eden's inconsistent statements regarding his use of drugs.

Substantial evidence likewise supports the ALJ's finding that Dr. Catlin's opinion was unpersuasive. Like Dr. Wiebe, the ALJ could conclude that Dr. Catlin's findings were unsupported by her testing, which indicated normal cognitive functioning. Moreover, Dr. Catlin was not informed of Eden's ongoing use of methamphetamine. The ALJ also reasonably concluded that Dr. Catlin's consideration of Eden's chronic pain was inconsistent with the objective medical evidence discussed above. Substantial evidence thus supported the ALJ's conclusion that Dr. Wiebe's and Dr. Catlin's opinions did not align with the record as a whole.

24-5963

3.  Because the ALJ did not err when assessing Eden's residual functional capacity, the hypothetical she posed to the vocational expert was not incomplete. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**